

eeplaw.com
80 Pine Street, 34th Floor
New York, New York 10005
T. 212.532.1116  F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
JORDAN JODRÉ*
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT

KRISTEN PERRY – CONIGLIARO
NICOLE BRENECKI
AIKA DANAYEVA
DOMENICK D'ANGELICA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
STEPHEN KAHN
EVAN M. LA PENNA
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND

*Also Admitted In New Jersey

February 11, 2019

United States District Court
Eastern District of New York
Attn: Hon. Magistrate Judge Orenstein
225 Cadman Plaza East
Brooklyn, New York 11201
**Via ECF**

  **Re: McNeil v. Ryobi Technologies, Inc., et al.**
    **Civil Docket No. 1:18-CV-02224 (RRM)(JO)**

Dear Hon. Magistrate Judge Orenstein,

  The undersigned represents the Plaintiff in this action in connection with his claims arising from injuries he sustained during an accident with a table saw that occurred on May 3, 2017.

  This letter is written in opposition to Defendants' letter motion, dated February 7, 2019, and in support of Plaintiff's instant motion to compel Defendants to provide outstanding discovery or, in the alternative, preclude Defendants from offering evidence on certain issues related to liability at the time of trial. The instant application also seeks leave from this Court to (i) conduct certain potentially destructive testing of the subject saw; (ii) serve a supplemental expert disclosure; and (iii) briefly extend the deadline for the parties to exchange expert reports. Should the Court be inclined to grant the requested relief, Plaintiff anticipates that the parties will still be able to complete all discovery, including expert discovery, by the existing March 22, 2019 deadline.

  Defendants' motion seeks preclusion of the Plaintiff's expert. Plaintiff requests that this Court deny Defendants' application, as preclusion is a drastic remedy that is not warranted on this record and would undermine the important interest in allowing for the adjudication of Plaintiff's claims on the merits.

  As a first matter, the undersigned apologizes to this Court with all humility. Plaintiff's expert disclosure was due to be served by January 31, 2019, with Defendants' report being due on February 28, 2019. Plaintiff's counsel inadvertently calendared Defendants' deadline as Plaintiff's deadline. This was an error the undersigned went through great efforts to remedy as soon as the issue was raised by Defendants' counsel on February 6, 2019. In good faith, Plaintiff exchanged expert disclosures on February 8, 2019 and, as of the filing of this letter, Defendants' counsel, upon information and belief, should be in receipt of the complete disclosure as

mandated by Fed. R. Civ. P. 26(a)(2). Plaintiff respectfully requests that this Court forgive this clerical calendaring error and deny Defendants' application for preclusion.

Although Defendants are correct that – prior to the instant letter – Plaintiff had not requested an extension of the expert disclosure deadline, this is simply the result of the aforementioned calendaring error. Indeed, Defendants' counsel was informed that Plaintiff would be submitting the instant letter motion seeking adjournment of the deadline *nunc pro tunc*. Given Plaintiff's prompt remedy of the missed deadline and the underlying good faith of its occurrence, Plaintiff respectfully requests that the deadline be extended such that Plaintiff's February 8th disclosure be deemed timely.

As to the relief sought by Plaintiff: on December 11, 2018, Plaintiff's counsel filed a letter motion seeking an extension of the deadline to complete expert discovery. In that letter, it was brought to the Court's attention that the parties were coordinating with the intent of conducting some potentially destructive testing of the subject saw. The parties have been unable to reach an agreement regarding the scope of the proposed destructive testing. Plaintiff has communicated his needs to Defendants regarding further testing of the saw, yet Defendants have objected to the proposed testing. Although Plaintiff exchanged his expert engineer's report on February 8th as described above, the report is incomplete and requires a supplement, as Plaintiff's engineer has indicated the need for the aforementioned testing.

On May 3, 2017, Plaintiff herein was severely injured while operating a saw manufactured and sold by the Defendants. The subject saw has a "rip fence," which is used to align the saw blade with the wood being cut. It is Plaintiff's contention that two bolts at the top of the subject "rip fence" were loose at the time of the subject incident and that this proximately caused Plaintiff's accident. Defendants themselves admit that the subject bolts, if loose, could lead to the type of accident that is the subject of this litigation. Plaintiff, through his expert, seeks to conduct testing of the subject saw's rip fence, which would include, *inter alia*, examining, tightening, and loosening the bolts. Counsel for Defendants have stated their objection to this type of minimally destructive testing on at least three prior occasions. In an effort to resolve this disagreement, over that past five weeks, the undersigned has communicated to counsel for Defendants that the proposed testing was common in cases like this and has communicated the specific reasons for the need thereof, as articulated by Plaintiff's engineer expert. If it should please the Court, Defendants' refusal to allow this testing is unreasonably delaying the case. Plaintiff apologizes for not raising the issue sooner but, as described, had mis-calendared the operative deadline and believed there was more time in the schedule for the parties to resolve the issue directly.

The undersigned has, of course, consented to Defendants not only observing said testing, but also, to bringing their own expert to participate. Without said testing, it will be impossible to determine if the subject bolts are and were loose, which is essential to Plaintiff's theory of liability, which theory also includes Defendants' alleged failure to properly warn and instruct Plaintiff of the possible dangers resulting from the subject bolts becoming loose and not being tightened over the course of time and due to routine use. If the subject testing is left undone, a question of fact will always exist as to whether the subject bolts were loose and whether a defective rip fence was the cause of Plaintiff's injuries.

As a related matter, the Defendants remain delinquent in their obligation to provide full and meaningful responses to Plaintiff's Demand for Production of Documents, dated December 28, 2018. Said demand sought several key items of discovery, including, but not limited to, certain inspection checklists and the torqueing specifications for the subject bolts on the rip fence. *See* Plaintiff's Discovery Demands, annexed hereto as Exhibit 1. On January 28, 2018, a full 30 days after service of the demand, and 1 day before Plaintiff's deadline to serve expert disclosure, Defendants responded with a response so bare that it did not have a single document attached, in response to Plaintiff's 38-point discovery demand. *See* Defendants' Responses, annexed hereto as Exhibit 2 (please note, exhibits are not attached to said Responses and can be provided upon request of the Court). Thereafter, on February 1, 2019, a day *after* Plaintiff's deadline to provide expert disclosure, Defendants provided a Supplemental Response to Plaintiff's Demand for Production of Documents. Said response, included some, but not nearly a majority, of the documents and items sought. In nineteen of their responses, Defendants responded by stating: "Defendants are not in possession of the requested documents but have requested same from the product manufacturer. Defendants will provide Plaintiff with copies of any documents received from the product manufacturer"; or that, "Defendants' search for responsive documents is on-going and Defendants will endeavor to respond as expeditiously as possible."

Plaintiff insists that the various items for which Defendants claim they are searching are essential for Plaintiff's case-in-chief and for Plaintiff's expert to form an opinion based on a complete set of discovery. Defendants' failure to provide the same has prejudiced Plaintiff and has delayed litigation. Defendants should be precluded for their failure to produce documents regarding their own product.

Plaintiff's expert engineer, Mr. Les Winter, P.E., has informed the undersigned that the proposed testing is necessary to determine if the subject "rip fence," an important safeguard on the saw, was operating as intended. Mr. Winter will also conduct other non-destructive testing, the details of which were communicated to counsel for Defendants via e-mail.

The extent to which the subject saw would be "destroyed" is miniscule in comparison to the probative value of the information that could be gleaned from merely tightening and loosening the subject bolts. Plaintiff is not seeking to conduct testing that would materially alter the subject saw in any way. In addition, measuring the torque of the subject bolts by loosening or tightening the same would not result in irreparable damage as said bolts can be returned to their original position, therefore restoring any minor "destruction."

The parties herein have, pursuant to Local Civil Rule 37.3, attempted in good faith to resolve this discovery dispute by having several telephonic conversations. During said conversations, Defendants' counsel repeatedly refused to allow the subject destructive testing, thus prejudicing Plaintiff. The undersigned requests a conference on the instant issue so as to allow the Court to set the scope of the proposed destructive testing and to compel Defendants to provide the subject discovery.

The parties thank this Court for its time and consideration.

Respectfully submitted,

Faizan H. Ghaznavi

Cc: Wilson Elser Moskowitz Edelman & Dicker
*Attorneys for Defendants*
Attn: Rosario Vignali, Esq.
1133 Westchester Ave.
White Plains, New York 10604
**Via E-File (ECF)**