UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
JOHN MCNEIL,

                Plaintiff,

  -against-

RYOBI TECHNOLOGIES, INC., et al.

                Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-2224 (FB) (JRC)

*Appearances*:
*For the Plaintiff*:
NICHOLAS ELEFTERAKIS
FAIZAN H. GHAZNAVI
MICHAEL SCOTT MARRON
OLIVER R. TOBIAS
80 Pine Street
38th Floor
New York, NY 10005

*For the Defendant*:
ROSARIO M. VIGNALI
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
3 Gannett Drive
West Harrison, NY 10604

RYAN E. FENNELL
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
1133 Westchester Ave
White Plains, NY 10604

**BLOCK, Senior District Judge:**

      Plaintiff John McNeil ("McNeil") brings causes of action for failure to adequately warn, breach of warranty and defective design and/or manufacture against Ryobi Technologies, Inc. ("Ryobi, Inc."), Ryobi Ltd., One World Technologies, Inc. ("One World"), and Techtronic Industries North America, Inc. ("Techtronic") (collectively, "Defendants"). The Defendants are the designers and

1

manufacturers of a Ryobi Model BTS10 Table Saw (the "table saw") that McNeil alleges caused him serious injury. One World has moved for summary judgment. For the reasons that follow, One World's motion for summary judgment is granted for those claims that the parties agreed to withdraw via stipulation and subsequent agreement and denied for all other claims.[1]

## I.   FACTS

The following facts are taken from the pleadings, the parties' Rule 56.1 statements, and supporting documentation. They are undisputed unless otherwise noted.

On May 3, 2017, McNeil was operating the table saw to cut a wooden board for a home remodeling project. While operating the saw, McNeil alleges that a

---

[1] McNeil and Defendants entered into an agreement on February 12, 2021 (the "Stipulation") to discontinue McNeil's breach of express warranty and breach of implied warranty claims. *See* ECF 54-4 at Ex. C, 2-3. They also agreed to discontinue all claims against Ryobi, Inc., Ryobi Ltd., and Techtronic. *See id*. The Court is satisfied by the Stipulation. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (allowing parties to withdraw claims after the filing of an answer by a stipulation signed by all appearing parties). It is so ordered.
   Subsequent to filing the Stipulation, the parties also agreed that McNeil would effectively discontinue his design defect claims premised on the saw's physical structure. *See* ECF 60 at Ex. 1 (the parties' agreement); ECF 58 at 11 (McNeil's acknowledgment that he does not oppose this part of One World's motion). One World explicitly does not move for summary judgment on any design defect claims that are based on defective warnings. Accordingly, summary judgment is granted for One World on McNeil's design defect claims that are based on the saw's physical structure, but not on defective warnings.

kickback occurred, resulting in injury to his hand. A kickback occurs when a piece of wood that was already cut comes into contact with the moving blade and is launched at the operator of the saw at a high velocity. Ultimately, McNeil lost his left index finger as a result of this accident.

The table saw that McNeil was using was equipped with multiple safety devices. One was a blade guard, which is a plastic device designed to provide a barrier between the operator of the saw and the saw's blade. Before the incident, McNeil had read the portion of the operator's manual for the table saw that dealt with user safety. The manual states that operators of the table saw should "always use blade guard, riving knife, and anti-kickback pawls on all 'through-sawing' operations." ECF 54-8 Ex. G at 6. However, McNeil had removed the blade guard and was not using it at the time of the accident.

Another safety device for the table saw is a rip fence. This device runs the length of the table and is designed to keep straight the wood that is being fed into the saw's blade in order to prevent kickback. For the rip fence to work properly, it must remain perpendicular to the table and parallel to the saw blade; otherwise, kickback may occur. McNeil was using a rip fence during the time that the incident occurred. Unbeknownst to him, however, there were two loose bolts on the rip fence. Nothing in the table saw's user manual indicated that operators should check to make sure that these bolts are tight for safety reasons. McNeil argues that these

3

loose bolts caused the rip fence to become crooked, resulting in the kickback that injured him. One World disputes this, arguing that McNeil's removal of the blade guard was the proximate cause of his injury.

## II.   SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In determining whether summary judgment is appropriate, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015).

## III.   PLAINTIFF'S FAILURE TO WARN CLAIMS

The issue now before the Court is whether One World is entitled to summary judgment on McNeil's failure to warn claims. McNeil's second cause of action alleges that One World "failed to provide adequate and sufficient warnings as to the dangers and propensities of the Ryobi Table Saw" and that "the failure to provide these adequate warnings and instructions was a direct and proximate result of the negligence" of One World. Compl. at ¶¶ 67, 69. One World argues that it is entitled to summary judgment on this claim because of the open and obvious nature of the danger posed by the table saw, because McNeil appreciated the risk

4

of danger posed by the saw, and because One World discharged its duty to warn. The Court disagrees.

In a limited number of cases, a manufacturer's duty to warn a consumer of the dangers of its product is discharged when the risk of danger is considered so open and obvious that a manufacturer cannot be reasonably expected to provide a warning of this risk. *See Burke v. Spartanics, Ltd.*, 252 F.3d 131, 137 (2d Cir. 2001). One World argues that the danger of putting one's hands in the path of the table saw's moving blade is open and obvious; therefore, it is entitled to summary judgment. However, One World mischaracterizes the question before the Court. McNeil alleges that the cause of his injury was the kickback of the board he was cutting, not the blade of the table saw. While he acknowledges that he did not see what contacted his hand during the incident, he alleges that it was the board, not the blade of the saw. McNeil's theory of causation is not dependent on the danger of the table saw's blade. Instead, McNeil alleges that the proximate cause of his injury was the loosened bolts on the rip fence, which posed a risk of danger that was neither open nor obvious. The question of causation remains open for a jury to determine.

One World also argues that it is entitled to summary judgment because McNeil had actual knowledge of the saw's danger since he is an experienced user of power tools. *See Billiar v. Minn. Mining & Mfg. Co.,* 623 F.2d 240, 243 (2d Cir.

5

1980) (stating that a user's actual knowledge of the danger posed by the product is an affirmative defense to a manufacturer's duty to warn). McNeil had used saws in the past and had read the section of the operator's manual that dealt with the importance of using the blade guard. One World maintains that this demonstrates McNeil's actual knowledge of the danger posed to him in choosing to use the table saw without the blade guard. However, One World's argument depends on its own theory of causation. If McNeil's injury was caused by the loose bolts resulting in a kickback and not from McNeil coming into contact with the saw blade, it is not clear that using the blade guard would have prevented his injury. This point remains a disputed material fact.

    Lastly, One World argues that it is entitled to summary judgment because it discharged its duty to warn. *See Billiar*, 623 F.2d at 243 (holding that a manufacturer discharges its duty to warn when it provides adequate warnings of the specific risks posed by its product). The table saw contained on-product warning labels and the operator's manual contained multiple warnings regarding use of the blade guard and anti-kickback mechanisms. However, if the accident was caused by kickback resulting from loose bolts of the rip fence, it is unclear that the warnings provided would be sufficient. There were no warnings on the saw or in the manual about checking that the bolts in question were tightened or stating that they should be tight in order to prevent kickback. Therefore, if the loose bolts

6

are found to have caused the accident, it is not clear that One World discharged its duty to warn. This remains a disputed question of material fact.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED** as to McNeil's breach of express warranty, breach of implied warranty and design defect claims insofar as they are premised on the physical structure of the saw, and **DENIED** as to the remaining claims. In addition, Ryobi Technologies, Inc., Ryobi Ltd., and Techtronic Industries North America, Inc. are dismissed as defendants.

**SO ORDERED.**

      /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 2, 2022