UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN McNEIL,

                Plaintiff,                            Civ. Act. No.: 18-cv-02224

    -against-                                    **MEMORANDUM OF LAW**

RYOBI TECHNOLOGIES, INC., RYOBI LTD.,
ONE WORLD TECHNOLOGIES, INC., and
TECHTRONIC INDUSTRIES NORTH AMERICA, INC.

                Defendants.
------------------------------------------------------------------x

ONE WORLD TECHNOLOGIES, INC. (hereinafter, "Defendant"), pursuant to Federal Rule of Civil Procedure 54, the relevant provisions of the United States Code, and Local Rule 54.1, respectfully seeks taxations of costs in this matter.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d) provides as follows:

> (d) *Costs; Attorney's Fees.*
>
> (1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Additionally, Local Rule 54.1 provides, in relevant part, as follows:

> (a) Notice of Taxation of Costs. Within thirty (30) days after the entry of final judgment. . . any party seeking to recover costs shall file with the Clerk a notice of taxation of costs by Electronic Case Filing. . . indicating the date and time of taxation which shall comply with the notice period prescribed by Fed. R. Civ. P. 54, and annexing a bill of costs.

Subsection (c) of Local Rule 54.1 provides that the following items are taxable as costs:

- Depositions Transcripts: if used or received in evidence at the trial or used by the court in ruling on a motion for summary judgment; fees, mileage and subsistence for the witness at the deposition are taxable at the same rates as for attendance at trial;
- Witness Fees, Travel Expense and Subsistence: pursuant to 28 USC Sec. 1821, which may include subsistence;
- Docket Fees;

## ARGUMENT

This matter was tried over a period of four days and concluded on April 21, 2022 with an unanimous jury verdict in the Defendant's favor. On the same day, the Court issued its Judgment (Dkt. 91) in favor of Defendant.

Defendant's Notice and Bill of Costs and counsel's Affirmation (with a Summary and supporting documentation) were filed in this matter and appear as Dkt. 92 amd 93. Defendant hereby provides the following additional information and guidance to support the Bill of Costs.

### CLERK FEES

Taxation of this cost is permitted by 28 USC Sec. 1920. In this case, Defendants incurred a cost of **$400** in order to remove this matter from state court to federal court. [See Dkt. no. 1 and Dkt. 93, Exhibit B.]

### PRINTED/ELECTRONICALLY RECORDED TRANSCRIPTS

Taxation of this cost is permitted by 28 USC Sec. 1920. In this case, Defendants incurred a total cost of **$1017.30** for the cost of the transcript generated during the December 3, 2018 deposition of Plaintiff; **$376.00** for the cost of the transcript generated during the December 19, 2018 deposition of Defendant's witness, Thomas Wayne Hill; **$878.55** for the cost of the

270417604v.1

transcript generated during the July 23, 2019 deposition of Plaintiff's expert witness, Les Winters; **$482.50** for the cost of the transcript generated during the August 7, 2019 deposition of Defendant's expert, Amber Rath Stern; and **$523.50** for the cost of the transcript generated during the September 19, 2019 deposition of Defendant's expert, Richard Otterbein. [See, Dkt. 93, Exhibit C.] The transcripts were used by the Court as part of previously-filed dispositive motion practice in this case and/or used by Plaintiff as part of his case in chief or used at the trial during questioning.

The total cost incurred by Defendant for the identified transcripts is **$3277.85**.

**WITNESS FEES**

These costs are taxable under 28 USC Sec. 1821 and are divided into three categories:

A. **Attendance Fees**

These costs are taxable at $40.00 per day under 28 USC Sec. 1821(b) for the witness's attendance at trial or deposition, and include necessary travel time to and from the event. In this case, Andrew Hornick attended trial over four days (and testified) and incurred one additional day of travel for the trial, for a total of five days and an incurred fee of **$200.00**. Defendant's deposition witness, Thomas Wayne Hill, traveled to New York for his December 19, 2018 deposition and testified at his deposition (upon request/notice of the Plaintiff) on one day, and incurred two additional days of travel to and from the deposition, for a total incurred fee (three days) of **$120.00**. Defendants' expert, Mr. Otterbein, testified on one day (September 19, 2019) for his deposition (upon request/notice of the Plaintiff) and testified at trial for one day, and incurred two days of travel to and from the trial, for a total of four days and an incurred fee of **$160.00**. Defendant's expert, Amber Rath Stern, testified on one day (August 7, 2019) for her

270417604v.1

deposition and testified at trial on one day, and incurred two additional days of travel for her deposition and trial, for a total of four days, or **$160.00**. Defendant's expert physician, Nader Paksima, testified on one day at trial and one day at deposition, for a total of two days, and an incurred fee of **$80.00**.

The total of all taxable witness fees incurred by Defendant is **$720.00**.

## B. Travel

Under 28 USC 1821(c), a witness shall be paid for the actual expense of travel. In this case, Andrew Hornick incurred a cost for round-trip airfare to New York from South Carolina for the trial in the amount of **$735.75**. Defendants' expert, Mr. Otterbein, incurred a cost for round-trip mileage from his office in Edison, New Jersey to the Courthouse in Brooklyn (110 miles at 58.5 cents per mile) for trial in the amount of **$64.35**. Amber Rath Stern incurred a cost for round-trip airfare to New York from North Carolina for the trial in the amount of $345.70. [See Dkt. 93, Exhibit D.]

The total travel cost incurred by Defendant is $1145.80.

## C. Subsistence (Lodging and Hotels)

Under 28 USC 1821(d), a witness shall be afforded a *per diem* subsistence allowance when an overnight stay is required. Proof of incurred lodging costs has been submitted herein. [See, Dkt. 93, Exhibit E.] The amount of the *per diem* subsistence allowance is set by the Administration of General Services (GSA) and the actual amount is dependent on the city. In the case of New York City, the GSA has published a Lodging *per diem* rate of $258 and a Meals and Incidentals *per diem* rate of $79. [See Dkt. 93, Exhibit F.] The subsistence tax sought by

Defendants as reflected in the Summary [Dkt. 93, Exhibit A] includes Meals and Incidentals and Lodging for Defendant's experts, Richard Otterbein and Amber Rath Stern, as well as Mr. Hornick for his attendance at trial and Thomas Wayne Hill for his deposition.

The total subsistence costs (lodging and meals) incurred by Defendant is $1683.75

The total Witness Fees is **$3549.55**

The Grand Total of Defendants proposed Bill of Costs is **$7,227.40.**

### RELIEF REQUESTED

WHEREFORE, in accordance with FRCP no. 54, Local Rule 54.1 and the relevant provisions cited herein of the United States Code, Defendants request that the Clerk tax costs against in the amount of **$7227.40.**

Dated: May 2, 2022

Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: _____

Rosario M. Vignali, Esq.
Attorney for Defendants
1133 Westchester Avenue
White Plains, NY 10604
Tel.: (914) 872-7250
Fax: (914) 323-7001

TO:   **ELEFTERAKIS, ELEFTERAKIS & PANEK**
*Attorneys for Plaintiff*
80 Pine Street, 38th Floor
New York, NY 10005
(212) 532-1116

270417604v.1